UNITED STATES of America,
Plaintiff–Appellee

v.

Elenilson FLORES–RODRIGUEZ, also
known as Elenilson Rodriguez Flores,
also known as Francisco Aquino, also
known as Francisco L. Aquino, also
known as Elenilson R. Rodriguez,
also known as Elenilson Flores, also
known as Elenilson Flores Rodriguez,
Defendant–Appellant.

No. 09–20564
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 2010.

James Lee Turner, Assistant U.S. Attor-
ney, U.S. Attorney's Office, Houston, TX,
for Plaintiff–Appellee.

Rosa Alexander Eliades, Eliades Law
PLLC, Houston, TX, for Defendant–Ap-
pellant.

Before KING, BENAVIDES, and
ELROD, Circuit Judges.

PER CURIAM: *

Elenilson Flores–Rodriguez (Flores) ap-
peals following his guilty-plea conviction of
illegal reentry. Flores was sentenced to
70 months of imprisonment and three
years of supervised release. Flores con-
tends that the district court erroneously
calculated his criminal history score by

assessing criminal history points for a pri-
or conviction and sentence under U.S.S.G.
§ 4A1.1(d) and (e). Specifically, Flores ar-
gues that the date of the commission of the
instant offense should be the date he reen-
tered the United States rather than the
date he was found in the United States
because the latter date is not indicative of
his propensity to recidivate, that using the
date he was found in the United States
violates the Equal Protection Clause, and
that assessing points under both
§ 4A1.1(d) and (e) constitutes impermissi-
ble double-counting for the same conduct.
Flores also contends that the district court
failed to adequately explain why it rejected
his arguments for a lesser sentence.

Following *United States v. Booker,* 543
U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621
(2005), sentences are reviewed for proce-
dural and substantive reasonableness.
*Gall v. United States,* 552 U.S. 38, 51, 128
S.Ct. 586, 169 L.Ed.2d 445 (2007). Im-
properly calculating the guidelines range
or failing to adequately explain the chosen
sentence is a significant procedural error.
*Id.*

We have rejected Flores's argument
that the date of the commission of the
instant offense for § 4A1.1 purposes
should be the date he reentered the Unit-
ed States rather than the date he was
found in the United States. *See United
States v. Reyes–Nava,* 169 F.3d 278, 280
(5th Cir.1999); *United States v. Santana–
Castellano,* 74 F.3d 593, 598 (5th Cir.1996).
Flores was found in the United States on
March 19, 2008. On that date, he was
serving a sentence of imprisonment. Ac-
cordingly, he was correctly assessed two
points pursuant to § 4A1.1(d) and one

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

point pursuant to § 4A1.1(e). § 4A1.1(d), (e), comment. (n.5).

Flores cites no authority for his argument that using the date he was found in the United States violates the Equal Protection Clause. Therefore, this issue is waived for inadequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir.2009).

We have also rejected Flores's argument that assessing criminal history points under both § 4A1.1(d) and (e) constitutes impermissible double-counting. *See United States v. Sullivan*, 381 Fed.Appx. 405, 405–06 (5th Cir.2010) (unpublished); *United States v. Le*, 161 Fed.Appx. 362, 363–64 (5th Cir.2005). Therefore, there was no error in the calculation of his criminal history score.

Flores's remaining argument that the district court failed to adequately explain its reasons for rejecting his arguments for a lesser sentence is subject to plain error review. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). To show plain error, Flores must demonstrate that the district court erred, that the error is clear or obvious, and that the error affects his substantial rights. *See Puckett v. United States*, —— U.S. ——, ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). If Flores makes such a showing, we have the discretion to correct the error but only if it " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

We need not determine whether the district court erred because Flores cannot show that the error affected his substantial rights. Flores argues only that the inadequacy of the district court's explanation deprived this court of the ability to review his sentence. "While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range." *Mondragon–Santiago*, 564 F.3d at 365. The 70–month sentence was within the guidelines range of 70 to 87 months. Flores makes no other argument as to how an adequate explanation would have changed his sentence. Therefore, he has failed to show that the error, if any, affected his substantial rights. *See id.* Accordingly, there is no reversible plain error with respect to the procedural reasonableness of his sentence. *See id.*

The judgment of the district court is AFFIRMED.